CAMPBELL ET AL., APPELLANTS, *v.* STORER ET AL., APPELLEES.

(No. 7960—Decided July 11, 1975.)

*Mr. David J. Epstein*, for appellants.
*Mr. Marvin K. Jacobs*, for appellees.

POTTER, J.   Appellants purchased real property from appellees on or about December 2, 1965.   A warranty deed was given to appellants but was not recorded.   Thereafter, in 1970, appellees conveyed, in a larger parcel to another purchaser, the same parcel they had previously conveyed to appellants.   Subsequently, the latter purchaser's grantees filed an action in ejectment against appellants. That cause was settled.

The case *sub judice* is one for damages against the original grantor by the original grantees.   In this case, appellees, the original grantors, filed their motion for summary judgment.   The motion was granted, the cause was dismissed, and this appeal followed.

Appellants' assignment of error contests the order of the trial court granting the motion for summary judgment and reads as follows:

"The error of the Court in granting Appellees Motion for Summary Judgment against Appellants contrary to law."

Appellees urge here, and did so successfully in the trial court, that the neglect and failure of appellants and/or

their counsel to record the general warranty deed delivered to them in December of 1965 prohibited the plaintiffs from acquiring legal title.

We hold that this conclusion is untenable and the mere failure of the grantees to record a deed without more is no defense to a grantee's action against his grantor for the grantor's act of conveying the identical property a second time. See 17 Ohio Jurisprudence 2d 158, Deeds, Section 37; 92 Corpus Juris Secundum 620, Vendor & Purchaser, Section 579.

Appellees cannot rely on R. C. 5301.25(A). R. C. 5301.-25(A) affords protection to a subsequent bona fide purchaser, but affords no protection to the original but forgetful or fraudulent grantor in a suit by the original grantee. See 47 Ohio Jurisprudence 2d 78, Records and Recording, Section 43. A requirement that the deed must be recorded before a grantor is deemed to have notice of his own act would lead, as the case of *Wayne Bldg. & Loan Co.* v. *Yarborough* (1967), 11 Ohio St. 2d 195, at 212, suggests, to absurd results.

Between the original grantors and grantees, title to the real property passed upon delivery and acceptance of the deeds. 17 Ohio Jurisprudence 2d 185, Deeds, Section 61; *Blackburn* v. *Blackburn* (1837), 8 Ohio 81; *Lessee of Irvin* v. *Smith* (1848), 17 Ohio 226; *Baldwin* v. *Bank of Massillon* (1853), 1 Ohio St. 141; *Wayne Bldg. & Loan Co.* v. *Yarborough, supra.*

We hold that the granting of appellees' motion on the premise asserted by appellees in the trial court was error and appellants' assignment of error is, therefore, well taken.

The judgment of the Court of Common Pleas of Lucas County is reversed.

*Judgment reversed.*

Brown, P. J., and Wiley, J., concur.